This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                NO. 34,847

**KEITH RUSSELL JUDD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Keith Russell Judd
Midland, TX

Pro Se Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1}    Appellant, who is self-represented, appeals from a district court order denying his motion to vacate a 1999 order. We issued a calendar notice proposing to dismiss. Appellant has responded with a memorandum in opposition. We dismiss.

{2}    Appellant's appeal is from a July 2015 district court order [RP 1815] that denied a motion to vacate a 1999 district court order that dismissed criminal charges against him and released him from probation. [RP 1570, 74-75; 1815-16] In June 1998, the district court entered a judgment and sentence after finding Appellant guilty of two misdemeanors. [RP 1528] Appellant appealed that judgment [RP 1544], and this Court affirmed the convictions. [RP 1580] Appellant served his sentence by the time mandate was issued by this Court, as indicated by the 1999 order now being challenged. [RP 1570]. Appellant is arguing that the district court should not have issued the 1999 dismissal order while his appeal from the underlying judgment was pending. We are aware of no authority for the proposition that a court may not address a situation where a defendant has served his full sentence prior to the disposition of his appeal. In any event, we conclude that the current appeal is moot, because there is no remedy that this Court could grant that would afford actual relief. *See State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764 ("An appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief."). There also are no collateral consequences that would otherwise

allow us to address the appeal. *See id.* ¶ 10. Accordingly, we dismiss the appeal. *See id.*

{3}    **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**J. MILES HANISEE, Judge**